UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NESARALLI ENTERPRISES, INC. d/b/a
SOLOMON'S AUTO BODY,

Plaintiff, CASE NO: 6:20-cv-02028-PBG-EJK

vs.

ALLIED INSURANCE COMPANY
OF AMERICA,

Defendant.
________________________________/

**PLAINTIFF'S MOTION FOR REMAND**

COMES NOW, Plaintiff NESARALLI ENTERPRISES, INC. d/b/a SOLOMON'S AUTO BODY by and through the undersigned counsel, pursuant to 28 U.S.C. §1447 files this Motion for Remand and supporting Memorandum of Law, and states as follows:

1. This subject action was commenced by Plaintiff's Summons and Complaint filed in the Ninth Judicial Circuit Court, in and for Orange County, on or about June 24, 2020. (*Nesaralli Enterprises, LLC d/b/a Solomon's Auto Body v. Allied Insurance Company of America*, (Case 2020-CA-6562-O, Circuit Court, Ninth Judicial Circuit, in and for Orange County).

2. As part of the filing of Plaintiff's Summons and Complaint in the above-referenced state case, Plaintiff filed "Form 1.997 Civil Cover Sheet," which reflected the following:

> "II. Amount Of Claim
> Please indicate the amount of the claim rounded to the nearest dollar: $125,000"

(Please see copy of Form 1.997 Civil Cover Sheet attached hereto as Exhibit "A" and Document Number 2 on the state court docket – Case 2020-CA-6562-O).

3. Defendant, Allied Insurance Company of America (hereinafter referred to as "Defendant" and/or "Allied Insurance") was served with Plaintiff's Summons and Complaint

herein on or about June 26, 2020.

4. Plaintiff's Complaint alleges a breach of contract arising out of an insurance claim made to Defendant under the terms and conditions of an insurance policy issued by Defendant to Plaintiff, policy number ACP BPAL 3018601702 (hereinafter referred to as "the insurance policy"). (Please see copy of policy attached hereto as Exhibit "B").

5. Specifically, the Complaint alleged damages as a result of wind and rain. (Please see Plaintiff's Complaint, ¶ 5, attached hereto as Exhibit "C").

6. Moreover, after receiving report of the insurance claim and well before a lawsuit was filed, Defendant retained the services of Rimkus Consulting Group, Inc. (hereinafter "Rimkus"), an engineering company, to inspect Plaintiff's property. (Please see report from Rimkus dated December 3, 2019 attached hereto as Exhibit "D").

7. On December 3, 2019, Rimkus generated a report detailing its inspection, which presumably took place on November 7, 2019. (Please see Exhibit "D").

8. The Rimkus report details significant damage to Plaintiff's property, and Defendant's claims representatives were well aware of Rimkus' findings. (Please see Exhibit "D").

9. Defendant also issued a denial letter dated October 29, 2019 wherein its representatives state that they had completed a review of the loss and investigation along with a review of the policy. (Please see a copy of the denial letter dated October 29, 2019, attached hereto as Exhibit "E").

10. On August 31, 2020, Defendant filed its Response to Plaintiff's First Request for Production. (Please see Plaintiff's Notice of Filing Defendant's Response to Plaintiff's First Request for Production filed on November 13, 2020, Doc. 10).

11. An estimate in the amount of $124,810.44 (hereinafter "Plaintiff's Estimate")

detailing the extent and scope of Plaintiff's damages was prepared by A Plus Adjusters. (Please see Plaintiff's Notice of Filing, Doc. 10, page 000015).

12. Plaintiff's Estimate was provided to Defendant approximately a year ago. (Please see the e-mail from A Plus Adjusters to Defendant dated November 8, 2019 as contained in Plaintiff's Notice of Filing, Doc. 10, page 000229).

13. Regardless of whether Defendant will admit the date or time Plaintiff's Estimate was received, there is no dispute that Defendant had this estimate prior to the date Plaintiff filed the lawsuit in this matter (June 24, 2020).

14. Plaintiff's Estimate coupled with Plaintiff's claim for legal fees and costs is, for all intents and purposes, the substantive basis for removal. (Please see Doc. 1).

15. Shortly after being provided with Plaintiff's discovery responses in the above-referenced state case, and more specifically on October 21, 2020, Counsel for Defendant made contact with Plaintiff's Undersigned Counsel requesting a ***demand for early resolution*** (emphasis added). (Please see e-mail correspondence from Counsel for Defendant dated October 21, 2020 requesting a demand attached hereto as Exhibit "F").

16. As specifically requested, Plaintiff's Undersigned Counsel prepared a demand and forwarded it to Counsel for Defendant on October 22, 2020. (Please see Plaintiff's correspondence which included its settlement demand and Plaintiff's Estimate of damages attached hereto as Exhibit "G").

17. At no time did Plaintiff's Undersigned Counsel agree to an enlargement of the rules with respect to removal to the jurisdiction of the federal court.

18. It is noteworthy to point out that the coverage amount for Coverage to Buildings (Replacement Cost) for Plaintiff's property, is $690,000 along with coverage for various of the

forms of loss. (Please see the applicable insurance policy attached hereto as Exhibit "B").

19. On November 2, 2020, Defendant filed its Notice of Removal (Doc. 1).

20. By the very nature of the risk, the initial report of the loss, and the subsequently developed details, Defendant knew, or should have known of the potential degree of damages to Plaintiff's property and the extent of the damages to the involved buildings exceeded $75,000, when Plaintiff's Complaint was filed, **particularly in light of the filing of Form 1.997 Civil Cover Sheet where Plaintiff specifically stated the amount in controversy was $125,000**.

21. For these reasons and others that will be delineated herein, Defendant has failed to comply with requirements of removal pursuant to 28 U.S.C. §1446 by failing to timely remove the matter to federal court. Inasmuch as it is Defendant's burden to remove this matter appropriately, the subject action should be remanded to the Ninth Judicial Circuit Court, in and for Orange County, Florida.

## MEMORANDUM OF LAW

**Basis for Removal**

Federal Courts are courts of limited jurisdiction; they possess only that power authorized by the Constitution and by statute. Kokkonen v. Guardian Ins. Co. of Am., 511 U.S. 375, 377 (1994). It is well established that removal statutes are to be strictly construed against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941). Removal statutes are construed narrowly. Burns v. Windsor Ins., Co., 31 F.2d 1092, 1094 (11th Cir. 1994). Uncertainties are resolved in favor of remand. Id. (See, also, American Fire & Cas. Co. Finn, 341 U.S. 6 (1951)). The requirement that the minimum amount in controversy for diversity of citizenship jurisdiction be met is narrowly construed so as to not to frustrate the congressional purpose of keeping the diversity caseload of federal courts under some modicum of control. Pierson v. Source Perrier,

S.A., 848 F. Supp. 1186 (E.D. Penn. 1994). All doubts concerning jurisdiction should be resolved in favor of remand. Id., *citing*, Abels v. State Farm Fire & Cas. Co., 770 F.2d 26 (3rd Cir. 1985).

Additionally, there is a presumption that a cause lies outside this limited jurisdiction, and the burden of proving otherwise rests on the party asserting jurisdiction. Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). A removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007); Snead v. AAR Manufacturing, Inc., 2009 WL 3242013 (M.D. Fla.). If the removing party fails to meet the burden, the case must be remanded. Williams v. Best Buy Co., Inc., *supra*. See, also, Libhart v. Santa Monica Dairy Co., 592 F.2d 1062 (9th Cir. 1979).

**Defendant's Notice of Removal is Untimely**

28 U.S.C. §1446 – Procedure for Removal of Civil actions, reads in pertinent part as follows:

> 28 U.S.C. §1446 – Procedure for Removal of Civil Actions
>
> (a) Generally. – A defendant or defendants desiring to remove any civil action from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.
>
> (b) Requirements; Generally –
> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to

be served on the defendant, whichever period is shorter.

***

(2) Except as provided in subsection (c ), if the case stated by the initial pleading is not removal, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Because the federal removal statute is construed narrowly, the thirty-day deadline for removal under Section 1446 must be strictly applied. Webster v. Dow United Techs. Composite Prods., Inc., 925 F.Supp. 727, 729 (M.D. Ala. 1996) ("Timely objection to a late petition for removal will therefore result in remand"). The crucial inquiry is when the defendant should have "intelligently ascertained" that the case was removable. Id. In determining timeliness, the crucial inquiry is when the defendant should have "intelligently ascertained" that the case was removable. Bankston v. Illinois Nat'l Ins. Co., 443 F.Supp.2d 1380, 1381 (M.D. Fla. 2006) (quoting Webster v. Dow United Techs. Composite Prods., Inc., 925 F.Supp. 727, 729 (M.D. Ala. 1996). The lawsuit in this matter was filed over four (4) months before Defendant filed its Notice of Removal, and this the filings contained within Plaintiff's Summons and Complaint provided sufficient notice to Defendant the case exceeded $75,00 in value. Specifically, and most notably, Form 1.997 Civil Cover Sheet stated the estimated amount of the claim (in other words the amount in controversy) was $125,000 (rounded up). (Please see Exhibit "A"). Based on the aforementioned rule, Defendant's Notice of Removal is untimely, as Plaintiff's Complaint, along with the materials that had previously been provided to Defendant by Plaintiff's public adjuster (as confirmed by Defendant's discovery responses (Doc. 10) should have reasonably allowed Defendant to **intelligently ascertain** the amount in controversy exceeded the jurisdictional limits. Further, the

documents that Defendant filed on August 31, 2020 in response to Plaintiff's discovery confirms that Defendant had Plaintiff's Estimate which is the crux of its argument for removal.

Defendant claims that the settlement demand of October 22, 2020 (Exhibit "G") was the genesis of its realization that this matter exceeded the jurisdictional limits, which is a claim that is nothing short of absurd. With the exception of the delineation of the legal fees and costs that were reflected in that letter, there was absolutely nothing provided to Defendant which it did not already have and had been in possession of for several months. Even the claimed legal fees and costs were known to Defendant many months ago, because Plaintiff's Complaint pled entitlement to attorney's fees and costs (Please see Exhibit "C", Page 3). Defendant undoubtedly understood that legal fees and costs were a substantive part of this action, as delineated in Plaintiff's Complaint. (Please see Exhibit "C").

Given the factual scenario and more importantly, the evidence submitted in this matter, Defendant cannot reasonably claim that Plaintiff's demand letter of October 22, 2020 (Exhibit "G") was its first opportunity to intelligently ascertain that this case was one which was, or had become, removable. Such an assertion on the part of Defendant would be completely disingenuous.

**Defendant Offers No Evidence to Explain the Lack of Timeliness of its Removal Notice**

Notwithstanding these arguments, if Defendant does intend to argue that Plaintiff's demand letter of October 22, 2020 (Exhibit "G") was its first opportunity to ascertain that the case at bar was removable, such a claim should be rejected, because the estimate from A Plus Adjusters dated November 6, 2019 (sent to Defendant on November 8, 2019) clearly and succinctly places Defendant on notice that Plaintiff's damages would be well in excess of $75,000 (Please see the e-mail from A Plus Adjusters to Defendant dated November 8, 2019 as contained in Plaintiff's

Notice of Filing, Doc. 10, page 000229).

As pointed out above, aside from the mention of legal fees and costs, there is virtually nothing the October 22, 2020 correspondence (Exhibit "G") provides to Defendant that was not already in Defendant's (or its Counsel's) possession. Thus, Defendant's Notice of Removal offers no evidence that it should not have removed this case within 30 days of the date it received Plaintiff's Complaint.

**The Notice of Removal is Contradictory on its Face and Therefore Defective**

Defendant resorts to arithmetic hairsplitting in an effort to support its claim that its representatives only became aware that the amount in controversy involved with this case exceeded $75,000 after receipt of Plaintiff's correspondence of October 22, 2020. (Please see Doc. 1, Page 5, pp 11-15). This is nothing more than an attempt to disguise, as a legitimate argument, the fact that Defendant's first notice that this matter exceeded $75,000 in value, was when it received Plaintiff's correspondence of October 22, 2020 (Exhibit "G"), which referenced the claim legal fees and costs. This is a completely fallacious argument. First, as pointed out above, Defendant was on notice of this existence of legal fees and costs months ago (i.e., when the lawsuit was filed). Defendant cannot now claim that it was somehow unaware legal fees and costs would be claimed. Similarly, Defendant cannot now claim that it somehow did not know that legal fees and costs would be added to the equation in determining the basis for removal. (Please see Exhibit "C", Page 3). In the Notice of Removal, most notably on Page 5, ¶¶ 11-13 along with footnote 1, Defendant makes it clear it knew legal fees and costs should be factored in to consideration as to the amount in controversy for diversity jurisdiction. Please see Defendant's reference in footnote 1 to <u>Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805 (11th Cir. 2003)</u>, which holds that "as a general rule, fees and costs do not count toward the amount in controversy required

for diversity jurisdiction unless they are allowed by statute or contract". As clearly and unambiguously described in Plaintiff's Complaint, legal fees and costs were pled pursuant to Florida Statute §627.428. (Please Exhibit "C", Page 3). Further, Plaintiff's Complaint also pled interest which should have further alerted Defendant to the high likelihood that this matter exceeded the jurisdictional limit involved here. (Please Exhibit "C", Page 3).

**Plaintiff Disputes Defendant's Calculations**

As mentioned above, Defendant details calculations as to what portions it contends constitute the amount in controversy, and seemingly does this in a rather precise fashion. However, Defendant does **not** delineate how it distinguished between the applicable portions of the damages presented in Plaintiff's Estimate. Plaintiff wishes to make it clear that it does not accept Defendant's interpretation of the application of deductibles, or the delineation of damages between the sections of the estimate, but even if Plaintiff accepted Defendant's positions in this regard, it is Plaintiff's position that the amount of damages in the estimate still exceeds $75,000. It is Plaintiff's position even when excluding those portions of the estimate which Defendant contends are subject to the "Office" deductible, the amount of the remaining estimate would be approximately $80,000. Of course, this $80,000 figure does not include any application of legal fees or costs. Once again, this is a fact that would have been known to Defendant almost a year ago, but certainly at the time it received Plaintiff's Complaint.

Furthermore, the policy in question contains other coverage amounts that could apply to this loss, and these were clearly pled in Plaintiff's Complaint. These additional damages include other structures, personal property, and the loss of use of said property as a result of a covered loss. (Please see Exhibit "C" and Exhibit "B"). Once again, this would further increase the likelihood that this matter exceeded the jurisdictional limit of $75,000.

It is Defendant's burden to support its position that removal is warranted. Therefore, it is Defendant's burden to prove that with the information it had at the time the lawsuit was filed, or moreover, during the months that followed, Defendant could not have "intelligently ascertained" that the amount in controversy exceeded $75,000. Based on the foregoing, it is clear that Defendant's Notice of Removal simply fails to do this, as Defendant could have, and more importantly **should have** easily ascertained that the amount in controversy for this case exceeded $75,000. Accordingly, Defendant's Notice of Removal should be rejected, and this matter should be remanded to Ninth Judicial Circuit Court, in and for Orange County, Florida.

**No Good Faith Effort Behind Request for Settlement Demand**

Defendant's actions leading up to its Notice of Removal make it patently clear that the request its counsel made for a settlement demand was nothing more than a ruse or a ploy to elicit a purported basis to justify Defendant's delay in requesting removal. The request for the settlement demand was Defendant's attempt to whitewash its oversight in not seeking to remove this case months ago when removal would have been proper.

In support of this point, Plaintiff wishes to advise the Court that, as of the time of this filing, Defendant has yet to engage in any sort of discussion of ***early resolution*** consistent with its e-mail of October 21, 2020. (Please see Exhibit "F"). Instead Defendant promptly filed its removal notice using Plaintiff's Correspondence of October 22, 2020 (Exhibit "G") as the sole basis for doing this. Rather than responding to the settlement demand conveyed in the October 22, 2020 correspondence (Exhibit "G"), as Defendant suggested it wanted to do in its e-mail of October 21, 2020 (Exhibit "F"), Defendant sought removal and served a Proposal for Settlement captioned in the state case, *Nesaralli Enterprises, LLC d/b/a Solomon's Auto Body v. Allied Insurance Company of America* (Case 2020-CA-6562-O, Circuit Court, Ninth Judicial Circuit, in and for Orange

County). The Proposal for Settlement was made for an utterly nominal amount, which further reveals Defendant's true motives for requesting a settlement demand.

**CONCLUSION**

Based on the foregoing facts and legal rationale, it is clear that Plaintiff's Complaint, which was accompanied by Form 1.997 Civil Cover Sheet (Exhibit "A"), was sufficient to place Defendant on notice that the amount in controversy here exceeded the $75,000 jurisdictional limit of the federal court. The inescapable fact is that Defendant received Plaintiff's Estimate on November 8, 2019 from A Plus Adjusters, which clearly and unequivocally would have informed a reasonable person that the amount in controversy here exceeded $75,000. Thus, at the moment Defendant received Plaintiff's Complaint along with Form 1.997 Civil Cover Sheet (indicating "an estimated amount of the claim" of $125,000), Defendant had notice that this matter exceeded $75,000.

Even if there was a plausible argument to the contrary, Defendant's Notice of Removal fails to adequately convey such an argument and does not adequately or sufficiently state Defendant did not have notice that the amount in controversy exceeded the jurisdictional limit after receiving Plaintiff's Complaint.

Consequently, Defendant's Notice of Removal is untimely, as Plaintiff's Complaint was served on June 24, 2020, and Defendant did not file its Notice of Removal until November 2, 2020. While Plaintiff provided the professional courtesy of a settlement demand, Plaintiff did not agree to allow any additional time for Defendant to contemplate its removal options or allow an enlargement of the deadline to file a Notice of Removal. Furthermore, the correspondence containing the settlement demand did not contain any substantive information that Defendant did not already have.

Consequently, Defendant has not provided information to defeat its burden or overcome the presumption that the case lies outside the limited jurisdiction of the federal court.

**WHEREFORE**, Plaintiff Nesaralli Enterprises, LLC d/b/a Solomon's Auto Body requests this Honorable Court issue an Order granting the Motion for Remand, requiring this case to be remanded to the jurisdiction of the Ninth Judicial Circuit Court, in and for Orange County, and grant any and all other relief available under the law, which the Court deems just and appropriate.

**CERTIFICATE OF COMPLIANCE**

Plaintiff's Undersigned Counsel represents to the Court that he did confer with Counsel for Defendant in order to seek Defendant's agreement with this Motion for Remand prior to the filing of this motion in compliance with Rule 3.01(g). However, Counsel for Defendant indicated that Defendant would oppose this motion.

Dated: November 13, 2020

*/s/ Joseph M. DeFranco*
Joseph M. DeFranco, Esquire
Florida Bar No.: 20526
HOGAN & HOGAN, P.A
906 East Michigan Street
Orlando, FL 32806
Tel. 407.422.2188
Fax 407.422.3291
Email Designation:
jdefranco@hoganlegal.com;
wgonzalez@hoganlegal.com;
scunningham@hoganlegal.com
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 13, 2020 a true and correct copy of the foregoing was electronically sent to all counsel of record: Thomas A. Keller, Esquire and Thais Passerieu, Esquire at tkeller@butler.legal; tpasserieu@butler.legal; knieman@butler.legal.

*/s/ Joseph M. DeFranco*
Joseph M. DeFranco, Esquire
Florida Bar No.: 20526
HOGAN & HOGAN, P.A
906 East Michigan Street
Orlando, FL 32806
Tel. 407.422.2188
Fax 407.422.3291
Email Designation:
jdefranco@hoganlegal.com;
wgonzalez@hoganlegal.com;
scunningham@hoganlegal.com
Attorneys for Plaintiff